CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
09/20/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| CARPENTER CO., <br><br> *Plaintiff,* <br> v. <br><br> MLILYUSA, INC., <br><br> *Defendant.* | Case No. 3:19-cv-00055 <br><br> **JURY TRIAL REQUESTED** |

# COMPLAINT

Plaintiff Carpenter Co. ("Carpenter"), by and through its counsel, and for its Complaint against Defendant MlilyUSA, Inc. ("Mlily"), herein states as follows:

## INTRODUCTION

(1)     This is an action for federal trademark infringement pursuant to Section 32 of the Federal Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114, false designation of origin pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), common law trademark infringement and unfair competition, and Virginia statutory trademark infringement pursuant to Va. Code §§ 59.1-92.12, arising from Defendant Mlily's unauthorized use of Plaintiff's federally registered trademark SERENE in connection with the sale of mattresses and related products.

## PARTIES

(2)     Carpenter is a corporation organized and existing under the laws of the Commonwealth of Virginia with a principal place of business at 5016 Monument Avenue, Richmond, Virginia 23230.

(3)     On information and belief, Mlily is a corporation organized and existing under the laws of the state of Tennessee with a principal place of business at 11537 Kingston Pike, Knoxville, Tennessee 37934.

## JURISDICTION AND VENUE

(4)     This Court has subject matter jurisdiction over Carpenter's Lanham Act claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and Section 39 of the Lanham Act, 15 U.S.C. § 1121, as they present federal questions relating to trademarks and unfair competition under the Lanham Act.  The Court has subject matter jurisdiction over Carpenter's Virginia common law and statutory claims pursuant to 28 U.S.C. §§ 1338 and 1367.

(5)     This Court has personal jurisdiction over Mlily because, on information and belief, (a) Mlily has marketed, distributed, offered for sale, and/or sold infringing SERENE mattress products in this District, (b) Mlily regularly transacts and conducts business in this District, and (c) Mlily has established contacts within this District.

(6)     On information and belief, Mlily's products, including the infringing SERENE mattress products, have been offered and sold by at least two retailers in this District.

(7)     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Carpenter's claims occurred in this District.

## Background

(8)     Carpenter is one of the world's largest manufacturers of flexible polyurethane foam, which is used in the production of bedding products, including mattresses, mattress toppers and pillows.

(9) One of Carpenter's products is SERENE, a polyurethane foam featuring a unique supportive air technology that makes the foam superior to memory foam and traditional foam products for bedding.

(10) Carpenter's SERENE foam product can be found in several mattresses, such as the Comfort Tech 10 Serene Foam Mattress, Room & Board's R&B Serene Foam Mattress and Gold Bond S-Series Serene Comfort Foam Mattress. Advertising for these mattresses prominently depicts the SERENE mark and promotes the unique features of Carpenter's foam products. Mattresses with SERENE foam are offered by a variety of national retailers, including Costco, Bed Bath & Beyond, Room & Board and Home Depot.

(11) In addition, Carpenter offers SERENE mattress toppers directly to consumers through outlets such as Amazon.

(12) On July 26, 2016, the U.S. Patent and Trademark Office granted Carpenter a federal trademark registration for the mark SERENE, U.S. Registration No. 5,009,333 for "Polyurethane foam for use in the manufacture of pillows, mattress toppers, mattresses, bed wedges and furniture" in Class 17, based on use in commerce since April 8, 2016 (the "SERENE Mark"). Copies of the registration certificate and a status report for the mark are attached as Exhibit A.

(13) Carpenter's trademark registration is valid, subsisting and in full force and effect. Pursuant to Lanham Act § 7(b), 15 U.S.C. § 1057(b), the registration constitutes *prima facie* evidence of the validity of the SERENE mark, as well as Carpenter's ownership and exclusive right to use the mark in commerce for the covered goods.

(14) As a result of Carpenter's continuous and exclusive use, the SERENE Mark has become a distinctive identifier of Carpenter.

(15)　In addition, Carpenter has built up a high degree of distinctiveness and valuable goodwill in its SERENE Mark based on the success of the product, and through its extensive investment of time, effort, and money. To date, Carpenter has had in excess of $30 million in sales of SERENE goods, and has invested in excess of $50,000 in marketing to promote the SERENE Mark.  Accordingly, the SERENE Mark represents substantial goodwill and is of great importance and value to Carpenter.

### Mlily's Unauthorized Use of the SERENE Mark

(16)　On information and belief, on or around April 12, 2018, Mlily began to advertise, offer for sale, and sell two mattress products named "Serene," the Serene Ultra and Serene Elite. These products were advertised on Mlily's website at http://mlily.com and Mlily's Facebook page at http://facebook.com/mlilyusa, and sold through retailers nationwide.

(17)　Mlily's infringing products came to Carpenter's attention in or around May 2019. On June 4, 2019, Carpenter's General Counsel sent correspondence to Mlily demanding that Mlily discontinue use of the term "Serene" and destroy all marketing or advertising materials utilizing that name.

(18)　Mlily failed to respond to Carpenter's demands, and on July 18, 2019, Carpenter, through its outside counsel, sent Mlily a renewed demand to cease and desist from its unauthorized use of the SERENE Mark.

(19)　As of July 30, 2019, all references to the "Serene" mattresses had been removed from Mlily's website at https://mlilyusa.com, and its web page at https://mlilyusa.com/serene-memory-series resolved to an error page.

(20)　Nevertheless, Mlily failed to provide written assurances that it had ceased selling the "Serene" mattresses, and references to "Serene" mattresses remained on Mlily's Facebook

page at https://mlilyusa.com/pg/mlilyusa.  As such, Carpenter's outside counsel sent a follow-up demand letter on August 1, 2019, requesting written assurances and the removal of "Serene" posts from Mlily's Facebook page.

(21)    Mlily failed to respond to Carpenter's August 1, 2019 correspondence.  An investigation conducted by Carpenter revealed that in addition to the continued display of Facebook posts advertising its "Serene" products, Mlily's YouTube channel included videos advertising the "Serene" mattresses.  Also, retailers offering Mlily products continued to advertise and sell the "Serene" mattresses.  Accordingly, Carpenter's outside counsel sent additional correspondence demanding resolution of these issues on August 29, 2019.

(22)    On or about September 12, 2019, the "Serene Elite" mattress reappeared on Mlily's website at https://mlilyusa.com/foam.  To date, Mlily has not responded to any of Carpenter's correspondence.

## COUNT I
## Federal Trademark Infringement
(Lanham Act § 32(a)(1), 15 U.S.C. § 1114(1)(a))

(23)    Carpenter incorporates by reference all of the preceding allegations.

(24)    The SERENE Mark is inherently distinctive for the foam products covered by the SERENE federal trademark registration, U.S. Registration No. 5,009,333.

(25)    Carpenter used the SERENE Mark for many years prior to Mlily's use of the mark "Serene."

(26)    In view of its ownership and prior use of the SERENE Mark, Carpenter has the exclusive right to use the term "Serene" in connection with foam products for bedding and related goods.

(27)    Carpenter has not provided Mlily permission to use its SERENE Mark.

(28)   Despite being given repeated notice of Carpenter's exclusive rights to the SERENE Mark, Mlily continues to use that mark in blatant violation of Carpenter's exclusive rights in U.S. Registration No. 5,009,333.

(29)   Mlily's mattresses, the "Serene Elite" and "Serene Ultra," incorporate the SERENE Mark in its entirety.  Mlily's "Serene" mark has a virtually identical commercial impression to the SERENE Mark.

(30)   The mattress products Mlily is offering under the "Serene" mark are highly related to the goods offered by Carpenter under the SERENE Mark.

(31)   On information and belief, the mattress products offered under the mark "Serene" by Mlily are advertised through identical and overlapping trade channels as those goods offered under the SERENE Mark.

(32)   Accordingly, Mlily's continued use of "Serene" is likely to cause consumer confusion, mistake or deception.

(33)   Mlily's continued use of "Serene" is also causing harm and damage to Carpenter, as it falsely suggests a relationship between the "Serene" products and Carpenter. Moreover, it weakens Carpenter's ability to identify and distinguish its own goods.

(34)   Carpenter has no control over Mlily's use of the infringing mark "Serene" or the quality of the goods provided thereunder. Such uncontrolled use places the SERENE Mark, reputation, and goodwill at risk of serious injury.

(35)   Mlily is also unfairly benefitting from Carpenter's reputation and goodwill that it has built up and established in its SERENE Mark.

(36)   Mlily's activities, as described above, constitute infringement of Carpenter's rights in its federally registered SERENE Mark pursuant to Lanham Act § 32(1)(a), 15 U.S.C. § 1114(1)(a).

(37)   Mlily's continued use of the mark "Serene" after being put on notice of Carpenter's rights demonstrates an intentional and willful intent to trade on the goodwill associated with the SERENE Mark, which harms Carpenter.

(38)   Mlily's actions are therefore likely to cause substantial injury to Carpenter and to the public, which entitles Carpenter to injunctive relief, Mlily's profits from the operation of sale of infringing "Serene" mattresses, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under Lanham Act § 35, 15 U.S.C § 1117.

## COUNT II
### False Designation of Origin and Unfair Competition
(Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A))

(39)   Carpenter incorporates by reference all of the preceding allegations.

(40)   Carpenter has used the SERENE Mark in commerce for nearly three-and-a-half years, and has acquired common law trademark rights, in addition to the rights bestowed by its federal trademark registration.

(41)   Mlily's use of the mark "Serene" with highly related goods in commerce is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the "Serene" products with Carpenter, or as to the origin, sponsorship, or approval of Mlily's products by Carpenter.

(42)   Mlily's activities, as described above, constitute a false designation of origin pursuant to Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A).

(43)    Mlily's continued use of the mark "Serene" after being put on notice of Carpenter's rights demonstrates an intentional and willful intent to trade on the goodwill associated with the SERENE Mark, which harms Carpenter.

(44)    Mlily's actions are therefore likely to cause substantial injury to Carpenter and to the public, which entitles Carpenter to injunctive relief, Mlily's profits from the operation of sale of infringing "Serene" mattresses, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under Lanham Act § 35, 15 U.S.C § 1117.

## COUNT IV
### Trademark Infringement and Unfair Competition (Common Law)

(45)    Carpenter incorporates by reference all of the preceding allegations.

(46)    Mlily has intentionally misappropriated the intellectual property of Carpenter by using the mark "Serene" in commerce in connection with goods that are highly related to those provided by Carpenter under the SERENE Mark.

(47)    Mlily's use of the mark "Serene" with highly related goods in commerce is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the "Serene" products with Carpenter, or as to the origin, sponsorship, or approval of Mlily's products by Carpenter.

(48)    As a result of Mlily's trademark infringement and unfair competition under Virginia common law, Carpenter has suffered, and will continue to suffer, substantial injuries, loss of goodwill, and damages.

## COUNT V
### Trademark Infringement and Unfair Competition
### Under the Commonwealth of Virginia Statutes (Va. Code §§ 59.1-92.12, 59.1-92.13)

(49)    Carpenter incorporates by reference all of the preceding allegations.

(50) Mlily's unauthorized use of "Serene" constitutes trademark infringement and unfair competition in violation of the Commonwealth of Virginia trademark infringement statute, Va. Code §§ 59.1-92.12 & 59.1-92.13, as such acts are likely to mislead and deceive customers and prospective customers into believing that Mlily's goods are those of Carpenter.

(51) Mlily's actions are likely to cause confusion or mistake among the public and constitute material misrepresentations as to the true origin and sponsorship of its goods and to confuse and mislead the public into believing that Mlily's goods have the approval of Carpenter.

(52) On information and belief, Mlily intentionally adopted and used the mark "Serene" so as to create consumer confusion and trade off the reputation and goodwill of Carpenter's SERENE Mark.

(53) Mlily has been using the "Serene" mark without the consent of Carpenter.

(54) Carpenter has no control over the nature and quality of the Mlily's goods. Consumers, believing Carpenter to be the source of such goods, are likely to blame Carpenter for any failure, neglect or default of Mlily in providing inferior goods, hampering efforts by Carpenter to continue to protect its outstanding reputation for the goods used under the SERENE Mark.

(55) Mlily's wrongful conduct is likely to deceive the consuming public and to result in a loss of goodwill and economic harm for Carpenter in violation of Va. Code §§ 59.1-92.12 & 59.1-92.13.

(56) Unless enjoined by this Court, Mlily will continue its conduct of passing off and engaging in acts of unfair competition, to the irreparable damage and injury of Carpenter.

(57)   On information and belief, Mlily has derived unlawful gains and profits from its acts of unfair competition, as alleged above, and have caused loss, injury and damage to Carpenter.

## PRAYER FOR RELIEF

WHEREFORE, Carpenter respectfully prays that the Court:

A.   Enter judgment in favor of Carpenter against Mlily on all claims set forth in this Complaint.

B.   Permanently enjoin Mlily, as well as its affiliates, successors, assigns, and all persons in active concert or participation Mlily, from:

　　i.   using the SERENE Mark or any other mark, corporate name, trade name or domain name that consists of or contains the mark SERENE, or any other trademarks confusingly similar to the SERENE Mark in the United States (including, but not limited to, derivations of the term "serene" such as "serenity");

　　ii.   using any false designation of origin that is likely to lead members of the public to believe any good offered by Mlily is in any manner associated or connected with Carpenter, or is licensed, sponsored or approved by Carpenter; and

　　iii.   engaging in any other activity that constitutes unfair competition with Carpenter, or acts and practices that deceive the public.

C.   Direct Mlily to destroy all physical or electronic materials in Mlily's possession or control bearing the SERENE Mark, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof.

    D.    Require Mlily to file with the Court and serve upon Carpenter's counsel within thirty (30) days after entry of judgment, a written report under oath, describing in detail the manner and form in which they have complied with the Court's judgment.

    E.    Award Carpenter monetary damages against Mlily, to include:

      i.    Mlily's profits from the unauthorized "Serene" products; and

      ii.    An award of Carpenter's attorneys' fees, costs and disbursements incurred in this action pursuant to Lanham Act § 35(a), 15 U.S.C. § 1117(a).

    F.    Require Mlily to file with the Court and serve upon Carpenter's counsel within thirty (30) days after entry of judgment an accounting of all sales and profits realized by the sales of "Serene" products.

    G.    Award Carpenter interest, including pre-judgment and post-judgment interest, on the foregoing sums.

    H.    Award such additional relief as the Court deems just and proper.

Respectfully submitted,

Date: September 20, 2019    **CARPENTER CO.**

By:      / Holly B. Lance /
Holly B. Lance (VA Bar No. 80595)
Bruce A. McDonald (*pro hac vice* pending)
**SMITH, GAMBRELL & RUSSELL, LLP**
1055 Thomas Jefferson St., N.W., Suite 400
Washington, D.C. 20007
Tel.: (202) 263-4300
Fax: (202) 263-4329
hlance@sgrlaw.com
bmcdonald@sgrlaw.com

*Counsel for Plaintiff*